UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIE INSURANCE COMPANY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-2160 |
| **TU CASA RESTAURANT LLC,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Erie Insurance Company (Erie), as subrogee of its insured Gebhart Management, Inc. (Gebhart), initiated the above-captioned action against Defendant Tu Casa Restaurant, LLC, doing business as El Gran Pollo Cockeysville (Tu Casa), alleging one count of negligence and seeking damages. ECF No. 1. Pending before the Court is Tu Casa's motion to dismiss (ECF No. 10), which is fully briefed (ECF No. 14). No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Tu Casa's motion is denied.

**I.     Background**[1]

Erie pleads one count of negligence. ECF No. 1 ¶¶ 14–17. Specifically, Erie alleges that prior to September 25, 2023, Gebhart entered into a lease with Tu Casa for space at the subject property, which Gebhart insured through Erie. *Id.* at ¶¶ 3, 8. At all relevant times, Tu Casa "was responsible for ensuring its business operated in a safe condition." *Id.* at ¶ 9. On or about September 25, 2023, Tu Casa's employees and/or agents failed to maintain a safe premises in the restaurant when "cleaning, drying, [and] handling . . . soiled rags," which caused a fire at the

---

[1] This factual summary is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of deciding this motion. *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

property. *Id*. at ¶¶ 10–12; 15. Erie became subrogated to Gebhart's legal rights when it paid Gebhart for the damage pursuant to the terms of the property's insurance policies. *Id*. at ¶ 13.

## II.     Standard of Review

Tu Casa moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12. Although Tu Casa does not specify under which subsection of Rule 12 it moves to dismiss the Complaint, the Court will construe the motion as one under Rule 12(b)(6). *Renn v. Bd. of Comm'rs*, 352 F. Supp. 2d 599, 602 (D. Md. 2005) (finding that where a motion to dismiss fails to specify a subsection of Rule 12, the Court may construe it as a Rule 12(b)(6)); *see also Ray v. Hopkins*, No. 9:22-cv-02642-BHH-MHC, 2023 WL 6201913, at *2 (D.S.C. May 23, 2023) (interpreting a Rule 12 motion that lacked a specified subsection as a Rule 12(b)(6) motion). Rule 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The same does not hold true for legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name v. Va.*, 655 F.3d 342, 346 (4th. Cir. 2011).

A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient. *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Ordinarily a court may not consider matters outside the pleadings when reviewing a motion to dismiss without converting it into a motion for summary judgment. *United States ex rel. Oberg* v. *Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *see also* Fed. R. Civ. P. 12(d). The Court may, however, consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *Staggers* v. *Becerra*, Civil Action No. ELH-21-0231, 2021 WL 5989212, at *11 (D. Md. Dec. 17, 2021) (internal citations omitted); *see also Robinson* v. *Am. Honda Motor Co.*, 551 F.3d 218, 222-223 (4th Cir. 2009) (finding that district court properly considered exhibits attached to both motion to dismiss and response in opposition because they were "integral to and explicitly relied on in the complaint" and were authentic); *Marks* v. *Licul*, Civil Action No. DKC-13-0347, 2013 WL 6014026, at *6-7 (D. Md. Nov. 7, 2013) (same). A document is integral to the complaint if "by its very existence, and *not the mere information it contains*, [it] gives rise to the legal rights asserted." *Chesapeake*

*Bay Found., Inc.* v. *Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original) (internal quotation marks and citation omitted).

Tu Casa attaches to its motion to dismiss a partial lease (ECF No. 10-1), its articles of organization (ECF No. 10-3), Maryland State Department of Assessments and Taxation search results for Gebhart (ECF No. 10-4) and Cranbrook Plaza Enterprises LLC (Cranbrook) (ECF No. 10-5), Tu Casa's certificate of liability insurance (ECF No. 10-6), and two affidavits (ECF No. 10-2, 10-7).  In its opposition, Erie attaches its Complaint (ECF No. 14-1), a partial claim file (ECF No. 14-2), and Gebhart and Cranbrook's policy declaration (ECF No. 14-3).

The Court will consider Gebhart and Cranbrook's policy declaration (ECF No. 14-3) because it is both integral to the Complaint and its authenticity is not in dispute.  *Reeder* v. *Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 757 (D. Md. 2006) (considering insurance declarations on a motion to dismiss).  The remaining documents submitted by Tu Casa and Erie will not be considered as they are neither integral to the Complaint nor necessary for the resolution of the pending motion.

### III.    Discussion

In support of its Motion to Dismiss, Tu Casa argues that Erie is not a real party in interest and that, in any event, a waiver of subrogation provision prevents Erie from pursuing this action.

#### A.    Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 requires, among other things, complete diversity of citizenship between the plaintiffs and defendants.  The real parties in interest determine diversity of citizenship.  *Virginia Elec. & Power Co.* v. *Carolina Peanut Co.*, 186 F.2d 816, 820 (4th Cir. 1951); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  Where the insurer-subrogee has paid only part of the loss to the insured-subrogor, both maintain "substantive rights against the tortfeasor which qualify them as

real parties in interest." *United States* v. *Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381 (1949); *see also Virginia Elec. & Power Co.* v. *Westinghouse Elec. Corp.*, 485 F.2d 78, 83 n.8 (4th Cir. 1973). Where an insurer has paid the entire loss, however, it is the sole real party in interest. *Aetna Cas. & Sur. Co.*, 338 U.S. at 380-381.

Tu Casa contends that Erie has not paid Gebhart, the insured-subrogor, for the entire loss and, as a result, both Erie and Gebhart are real parties in interest. ECF No. 10 at 2.[2] Tu Casa argues that because both Gebhart and Tu Casa are Maryland entities, there is not complete diversity of citizenship, thus depriving this Court of subject matter jurisdiction. *Id.* Erie asserts that it fully compensated Gebhart for its loss and therefore it remains the sole real party of interest and diversity jurisdiction is preserved. ECF No. 14 at 2. When ruling on a motion to dismiss, the Court presumes that the plaintiff's allegations are true and draws all reasonable inferences in its favor. *Iqbal*, 556 U.S. at 678; *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440. Here, Erie alleges in the Complaint that it paid Gebhart's claim in full under the policy, thus establishing its complete subrogation rights. ECF No. 14 at 2. At this stage, this allegation suffices to establish Erie as the sole real party in interest, leaving complete diversity among the parties intact. *Aetna Cas. & Sur. Co.*, 338 U.S. at 380-381.

Tu Casa also contends that Erie cannot maintain this action as subrogee of Gebhart because Gebhart "does not lease or own[ ] the subject property" and, therefore, neither are real parties in interest. ECF No. 10 ¶ 1. Tu Casa argues that it entered into its lease with and paid rent to non-party Cranbrook, a Maryland corporation. *Id*. at ¶¶ 1–2; ECF Nos. 10-1 at 5; 10-2; 10-5. Tu Casa asserts that even if Cranbrook was properly named as subrogor in this suit, it is a Maryland corporation destroying diversity jurisdiction. ECF No. 10 ¶¶ 1–2. Erie asserts that

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

Gebhart and Cranbrook are one and the same, as each is listed on the relevant policy declaration, and, in any event, that Erie has paid the claim in full and consequently is the sole real party of interest.  ECF Nos. 14 at 2–3; 14-3.

The policy declaration lists both Gebhart and Cranbrook under the "Named Insured's full name."  ECF No. 14-3 ("Gebhart Management, Inc & Cranbrook Alaska LLC & Horizon Property Management LLC & Ivy Mountain LLC & Ivy Hill 15 LLC & Cranbrook Plaza Enterprises LLC").  Tu Casa's argument is unavailing because Erie insures both Gebhart and Cranbrook under the same policy and therefore has a subrogation interest regardless of which entity owned the property.  Further, Erie remains the sole party in interest because it has sufficiently alleged that it paid the claim in full under the policy.  The citizenship of Erie's insured is irrelevant in determining diversity jurisdiction.  *Virginia Elec. & Power Co.*, 485 F.2d at 83 n.8.

### B.    Waiver of Subrogation Provision

Tu Casa relies on a portion of its lease to argue that Gebhart, and therefore its subrogee Erie, waived its right to subrogation for fire damage.  ECF No. 10 at 3–4.  Erie contends that the waiver is unenforceable because the lease requires specific insurance endorsements that Tu Casa has neither provided nor alleged exist.  ECF No. 14 at 3–4.  Erie also highlights that the lease submitted by Tu Casa is incomplete, precluding a full analysis of the waiver's terms.  *Id.* at 5.

Courts typically do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" on a motion to dismiss.  *King* v. *Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotations omitted).  A defense may be considered, however, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint."  *Goodman* v. *Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Richmond, Fredericksburg & Potomac R. Co.* v. *Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (highlighting that

affirmative defense must "clearly appear[ ] on the face of the complaint"). Furthermore, dismissal based on a waiver of subrogation provision is inappropriate where factual disputes exist. *Reeder*, 419 F. Supp. 2d at 756-757; *Jordan* v. *Washington Mut. Bank*, 211 F. Supp. 2d 670, 674 (D. Md. 2002) ("There has been no discovery in this case. Until the facts have been developed by way of appropriate discovery procedures, the Court will not undertake to consider whether summary judgment should be entered in favor of a party.").

Moreover, waiver is an affirmative defense under Federal Rule of Civil Procedure 8(c). Here, the issue of waiver does not "clearly appear[ ] on the face of the complaint," and therefore is "more properly reserved for consideration on a motion for summary judgment." *Forst*, 4 F.3d at 250. Even if the Court were to consider waiver, unresolved factual issues as to the existence and applicability of conditions precedent to the waiver provision preclude dismissal at this stage. *Reeder*, 419 F. Supp. 2d at 756-757.

### IV.    CONCLUSION

For the foregoing reasons, Tu Casa's Motion to Dismiss (ECF No. 10) is denied. Tu Casa is directed to file an answer to the Complaint within 21 days. A separate Order will follow.

Date: February 7, 2025                                    /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge